UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Christopher Carr** and **Shureene Newsome**, on behalf of themselves and all other persons similarly situated, known and unknown,

Plaintiffs,

vs.

**Bob Evans Farms, Inc.**, a Delaware corporation, **Bob Evans Holdings, Inc.**, an Ohio corporation, **Bob Evans Farms, LLC**, a Delaware limited liability company, and **Bob Evans Restaurants, LLC**, a Delaware limited liability company,

Defendants.

No. ______________________________

**COMPLAINT**

Plaintiffs, Christopher Carr and Shureene Newsome ("Plaintiffs"), on behalf themselves and all other persons similarly situated who are current or former servers of Defendants (the "Collective Members") and by and through the undersigned attorney(s), sue the Defendants, Bob Evans Farms, Inc.; Bob Evans Holdings, Inc.; Bob Evans Farms, LLC; and Bob Evans Restaurants, LLC (collectively, "Defendants" or "Bob Evans") and allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

2. Defendants own and operate over 500 Bob Evans restaurants, which are the subject of this lawsuit.

3. Bob Evans Restaurants is a chain of family style restaurants founded and headquartered in Columbus, Ohio, which owns and operates approximately 523 family restaurants, primarily in the Midwest, Mid-Atlantic and Southeast regions of the United States.[1]

4. As a private company owned by Golden Gate Capital, Bob Evans Restaurants is focused on providing quality food and hospitality to every guest at every meal, each and every day.[2]

5. Defendants have a policy or practice of paying certain employees, including servers, sub-minimum hourly wages under the tip-credit provisions of the FLSA.

6. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); and (3) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds

---

1 https://www.bobevans.com/aboutus/our-company (last accessed August 23, 2017)

2 *Id.*

twenty percent of the employees' time worked during a workweek. *See, e.g.*, 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. AppleIllinois, LLC,* 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

7. Defendants violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

8. Defendants violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when they required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

9. Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

## JURISDICTION AND VENUE

10. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the laws of the United States.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

13. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

14. Plaintiff Christopher Carr is an individual residing in Lorain County, Ohio, and is a former employee of Defendants.

15. Plaintiff Christopher Carr primarily worked at the Bob Evans Elyria location, located at 503 Griswold Road, Elyria, Ohio 44035.

16. Plaintiff Christopher Carr was employed by Defendants as a server from approximately January 2, 2015 through approximately July 31, 2016.

17. At all material times, Plaintiff Christopher Carr was paid by Defendants as a tipped employee under the FLSA.

18. Defendants employed Plaintiff Christopher Carr to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, prepping salads and desserts, washing dishes, working the cash register, cleaning, busing tables, and other side work.

19. At all material times, Plaintiff Christopher Carr was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

20. Plaintiff Shureene Newsome is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

21. Plaintiff Shureene Newsome worked at the Bob Evans Solon location, located at 7105 N. Aurora Road, Aurora, Ohio 44202.

22. Plaintiff Shureene Newsome was employed by Defendants as a server from approximately March 3, 2015 through approximately November 30, 2015.

23. At all material times, Plaintiff Shureene Newsome was paid by Defendants as a tipped employee under the FLSA.

24. Defendants employed Plaintiff Shureene Newsome to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, prepping salads and desserts, washing dishes, working the cash register, cleaning, busing tables, and other side work.

25. At all material times, Plaintiff Shureene Newsome was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

26. Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are appended hereto as Exhibit A.

27. At all material times, Defendant Bob Evans Farms, Inc. was a corporation duly licensed to transact business in the State of Ohio.

28. Defendant Bob Evans Farms, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

29. Defendant Bob Evans Farms, Inc. is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

30. At all material times, Defendant Bob Evans Holdings, Inc. was a corporation duly licensed to transact business in the State of Ohio.

31. Defendant Bob Evans Holdings, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

32. Defendant Bob Evans Holdings, Inc. is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

33. At all material times, Defendant Bob Evans Farms, LLC was a corporation duly licensed to transact business in the State of Ohio.

34. Defendant Bob Evans Farms, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

35. Defendant Bob Evans Farms, LLC is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

36. At all material times, Defendant Bob Evans Restaurants, LLC was a corporation duly licensed to transact business in the State of Ohio.

37. Defendant Bob Evans Restaurants, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

38. Defendant Bob Evans Restaurants, LLC is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

39. Defendants own and operate more than 500 Bob Evans restaurants in 18 states across the country.[3] The group of more than 500 Bob Evans restaurants are wholly owned by the Defendants.

**Defendants Are a "Single Enterprise" and "Single Employer"**

40. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of more than 500 Bob Evans restaurants in Ohio and 17 other states across the country.

41. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Bob Evans restaurants within Ohio and 17 other states across the country.

42. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system,

---

[3] https://www.bobevans.com/aboutus/our-company (last accessed August 23, 2017)

which is an economic unit directed to the accomplishment of a common business purpose.

43. The Bob Evans restaurants are controlled by the Defendants, which directs, governs, and administers the performance of Defendants' operation and maintenance of Bob Evans restaurants in Ohio and 17 other states across the country.

44. Defendants run each Bob Evans restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

45. Defendants represent themselves to the general public through their website as one restaurant company–Bob Evans–operating more than 500 restaurants in Ohio and 17 other states across the country.

46. The Bob Evans website allows potential job applicants to apply for employment at any of the Bob Evans locations from the same common website.[4]

47. Defendants share employees between restaurant locations.

48. In fact, Bob Evans advertises on the "Restaurant Hourly Benefits" portion of their "Benefits" page of its website that all hourly restaurant employees are eligible for location transfers.[5]

49. Defendants share common management between restaurant locations. For example, Regional Managers oversee multiple Bob Evans restaurant locations.

[4] https://employment.bobevans.com

[5] *See* Screen Shot of Employment.BobEvans.Com, attached as "**Exhibit B**."

50. The Bob Evans restaurants share common human resources and payroll services.

51. Defendants are commonly owned, at least in part, by Golden Gate Capital.

52. Defendants all use the name "Bob Evans" at their Bob Evans restaurant locations.

53. Defendants operate the various restaurant locations from the same headquarters.

54. Defendants advertise together on the same website.

55. Defendants provide the same array of products and services to their customers at all of their Bob Evans restaurant locations.

56. The "Bob Evans" family of restaurants exists under the control and direction of Defendants.

57. This family of restaurants provides the same service product to its customers by using a set formula when conducting its business.

58. Part of that set formula is the wage violations alleged in this complaint.

**STATEMENT OF FACTS**

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiffs were hired by Defendants to perform labor at Defendants' restaurants.

61. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

62. Plaintiffs were employed by Defendants as servers.

63. Defendants paid Plaintiffs a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

64. Defendants failed to inform Plaintiffs of the tip credit provisions of the FLSA.

65. Defendants regularly and frequently required Plaintiffs to perform a number of non-tipped duties unrelated to their tipped occupations, including but not limited to: scrubbing walls, sweeping floors, vacuuming floors, washing dishes, preparing salads, preparing deserts, working the cash register, setting up salad stations, re-stocking salad stations, cleaning salad stations, breaking down salad stations, setting up soup stations, re-stocking soup stations, cleaning soup stations, breaking down soup stations, setting up soda and juice machines, re-stocking soda and juice machines, cleaning soda and juice machines, setting up condiment stations, re-stocking condiment stations, cleaning condiment stations and breaking down condiment stations.

66. Defendants paid Plaintiffs a sub-minimum wage for all hours that Plaintiffs worked for Defendants, including the periods during which Plaintiffs were performing non-tipped duties.

67. Defendants regularly and frequently required Plaintiffs to perform a number of non-tipped duties related to their tipped occupations, including but not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, making hot chocolate, wiping down tables, setting tables, busing tables, rolling silverware, stocking server stations, stocking and re-stoking front of the house with plates, and stocking and re-stocking the front of the house with glassware.

68. The time Plaintiffs spent performing these duties customarily exceeded 50% of their work time.

69. Many of the job duties Defendants require servers to perform besides serving customers are included opening duties, mid-shift duties, and closing duties.

70. Defendants maintain uniform, or substantially uniform, job descriptions for the server job position at each of the Bob Evans restaurant locations.

71. Defendants' server job postings require servers to perform work besides serving customers, including: completing opening, mid, and closing duties; preparing soups; preparing desserts; completing daily side work and cleaning projects; and rolling silverware.

## COLLECTIVE ACTION ALLEGATIONS

72. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

74. Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

75. Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than $7.25, excluding tips).**

76. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

77. Upon information and belief, Defendants have employed thousands of tipped employees during the period relevant to this action.

78. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

79. Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

80. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs were subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS**

81. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants did not inform Plaintiffs of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

83. As a result, Defendants were not entitled to take a tip credit against Plaintiffs' minimum wages.

84. Defendants failed and/or refused to pay Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

85. As such, full applicable minimum wage for such time Plaintiffs worked is owed to Plaintiffs for the entire time they were employed by Defendants.

86. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

87. Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Christopher Carr and Shureene Newsome, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT "DUAL JOBS"

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations

Handbook §30d00(e) by requiring Plaintiffs in a given workweek, and during each and every workweek Plaintiffs were employed by Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiffs at the tip credit rate.

90. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiffs in a given workweek, and during each and every workweek Plaintiffs were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiffs at the tip credit rate.

91. Defendants failed and/or refused to pay Plaintiffs the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiffs were employed by Defendants, in violation of 29 U.S.C. § 206(a).

92. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

93. Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Christopher Carr and Shureene Newsome, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this September 7, 2017.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 089601)
Christopher J. Bendau
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
info@bendaulaw.com

By: /s/ *James L. Simon*
James L. Simon (OH No. 89483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com