UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Christopher Carr**, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>**Bob Evans Farms, Inc.**, *et al.*,<br><br>        Defendants. | No. 1:17-cv-01875-JG<br><br>The Honorable James S. Gwin |

**PLAINTIFFS' RESPONSE TO DEFENDANT BOB EVANS RESTAURANTS, LLC'S MOTION TO DISMISS**

THE BENDAU LAW FIRM PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 089601)
Christopher J. Bendau (AZ No. 032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com

By: /s/ *James L. Simon*
James L. Simon (OH No. 89483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Attorneys for Plaintiffs and Opt-In Plaintiffs*

## I. RELEVANT FACTS AND PROCEDURE

Plaintiffs, Christopher Carr and Shureene Newsome, filed this wage and hour lawsuit on September 7, 2017 on behalf of themselves and all others similarly situated. (Doc. #1). Plaintiffs' Complaint alleges two violations under the Fair Labor Standards Act ("FLSA"): (1) that Plaintiffs and those similarly situated were not given proper notice of Defendants' practice of taking the "tip credit" and (2) that Plaintiffs and those similarly situated were made to perform non-tipped labor unrelated to their tipped duties and non-tipped labor related to their tipped duties in excess of twenty percent (20%) of their time, despite being paid sub-minimum wage.

On October 23, 2017, Defendant Bob Evans Restaurants, LLC filed its Motion to Dismiss. While admitting that it "owns, operates and manages all of the Bob Evans restaurants" Bob Evans Restaurants, LLC argues primarily that it should be dismissed as a Defendant because both Plaintiff Carr and Plaintiff Newsome's employment terminated before Bob Evans Restaurants, LLC alleges to have come into existence as a corporate entity on or about January 10, 2017. (Doc. #9).

On November 13, 2017, Plaintiffs filed their First Amended Complaint. (Doc. #25). Between the time that Plaintiffs filed their Complaint and their First Amended Complaint, seven (7) additional current and former Bob Evans employees joined the suit as opt-in Plaintiffs. Plaintiffs' First Amended Complaint includes the detailed allegations of Lindsay Jacobs, Roxanne Garcia, Nicholas Morgan, Debra Savoldi and Amanda Brand-Nolan – all of whom concluded their employment with Bob Evans *after* Bob Evans Restaurants, LLC claims to have come into existence. Moreover, Plaintiff's First Amended Complaint contains the detailed allegations of Kathy Kozel, who *still* works for Bob Evans Restaurants, LLC.

Despite these amendments, Bob Evans Restaurants, LLC re-filed its Motion to Dismiss

on November 27, 2017, raising the exact same argument.

Since Plaintiffs' filing of their First Amended Complaint, several other similarly situated individuals have opted into this lawsuit that have had employment with Bob Evans after Bob Evans Restaurants, LLC alleges to have come into existence. Opt-in Plaintiffs Tyler Troyer, Paige Jones, Earleane Jones, Courtney Krause, Tyler Rexin, Melanie Semosky and Jamie Rohrer all concluded their employment with Bob Evans *after* Bob Evans Restaurants, LLC claims to have come into existence. Additionally, opt-in Plaintiffs Jarrett Tapp, Aaron Denham and Jessica Hunt *still* work for Bob Evans Restaurants, LLC.

### II. LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 8(a)(2), a complaint must only allege sufficient facts to compose "a short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014). The Court must deny Defendants' motion if Plaintiffs' pleading contains a "short and plain statement" that plausibly entitles them to relief. *Colbetzor v. Beverlin*, 2017 WL 3065270, at *3 (N.D. Ohio July 19, 2017) (citing Fed. R. Civ. P. 8(a)(2)).

### III. BOB EVANS RESTAURANTS, LLC'S MOTION TO DISMISS IGNORES THAT THIS IS A COLLECTIVE ACTION

Bob Evans Restaurants, LLC's Motion to Dismiss completely ignores that this matter is a collective action. Plaintiff Carr and Plaintiff Newsome originally brought this FLSA action "on behalf of themselves and all other persons similarly situated." (Doc. #1). Those "other persons similarly situated" necessarily include any current or former servers who have worked at a Bob Evans restaurant from the time that Bob Evans Restaurants, LLC alleges to have come into

existence on January 10, 2017 and the present.

The Court need look no further than Plaintiff's First Amended Complaint for an illustration of the lack of logic in Bob Evans Restaurants, LLC's argument. (Doc. #25). Therein, no less than five former employees and one current employee of Bob Evans Restaurants, LLC make nearly identical allegations as those made by Plaintiff Carr and Plaintiff Newsome.

Defendant's argument is a nonsensical response to Plaintiffs' First Amended Complaint. The fallacy of Defendant's position continues to be highlighted by the additional opt-in Plaintiffs who have joined this suit since the filing of Plaintiffs' First Amended Complaint. To date, seven more former employees and three 3 more current employees of Defendant Bob Evans Restaurants, LLC have joined this lawsuit. Plaintiffs could seek to amend their Complaint upon every such instance, but the collective action process itself renders such hoop jumping unnecessary.

In total, no less than sixteen current and former employees of Bob Evans Restaurants, LLC are alleging that Defendant Bob Evans Restaurants, LLC has committed the FLSA violations sufficiently plead in Plaintiffs' First Amended Complaint. Defendant Bob Evans Restaurants, LLC cannot hide beneath the sloppy shell game it seeks to construct and its Motion to Dismiss should be denied.

### IV. DEFENDANT BOB EVANS RESTAURANTS, LCC'S MOTION TO DISMISS ASKS THE COURT TO MAKE FACTUAL DETERMINATIONS WHICH REACH FAR BEYOND THE PLEADINGS

Again, in evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Crugher supra*, 761 F.3d 610, 613.

To start, Bob Evans Restaurants, LLC seeks to have the Court declare as true all of the facts and circumstances surrounding its purchase of over five hundred Bob Evans restaurants nationwide. Surely, Plaintiffs are entitled to perform discovery relating to the alleged sale.

Bob Evans Restaurants, LLC does not state when exactly its liability for FLSA violations could begin. It instead just asks the Court to declare that such liability could only commence at some undetermined or indefinite time which would also conveniently dismiss Bob Evans Restaurants, LLC from this lawsuit. The inanity here should sufficiently highlight the inappropriateness of judgment on the pleadings. Nevertheless, the "joint employer" doctrine highlights it further.

The FLSA broadly defines an "employer" as "[a]ny person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Determining employer status under this definition "is not circumscribed by formalistic labels or common-law notions of the employment relationship." *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190, 194 (5th Cir. 1983)(citing *Bartels v. Birmingham* , 332 U.S. 126 (1947). And in considering employer status, as always, "the FLSA must be liberally construed to effectuate Congress' remedial intent." *Id*.

The regulations contemplate three distinct instances in which a joint employment relationship will be considered to exist. Where the employee performs work that simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
 (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or

 (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or

> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. 791.2(b).

29 C.F.R. § 791.2(b)(2) provides that a joint employer relationship will generally be found "where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee." "A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." 29 C.F.R. § 791.2(a).

"Subsection 791.2(b)(3) tells us that joint employment will generally be considered to exist when (1) the employers are not *'completely disassociated'* with respect to the employment of the individuals and (2) where one employer is controlled by another or the employers are under common control." *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (emphasis added). *See also Pierce v. Coleman Trucking, Inc.*, 2005 WL 2338822, *4 (N.D. Ohio September 23, 2005) ("a joint employment relationship generally will be considered to exist…[w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee…by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer").

As such, Bob Evans Restaurants, LLC necessarily asks this Court to make a determination, on the pleadings, that it is *"completely disassociated"* with the three (3) other Bob Evans corporate entities which have been named as Defendants in this case. In support of this lofty request, it offers only the Declaration of Senior Vice President of Human Resources for Bob Evans Restaurants, LLC, John Carothers. In this regard, Plaintiffs must point out that Mr. Carothers offered testimony as the Vice President of Human Resources for Bob Evans Farms, Inc. the last time that Bob Evans

restaurants were sued for and FLSA violation. *Thorn v. Bob Evans Farms, Inc.* Case No. 2:12-cv-768 (S.D. Ohio)(Carothers Depo. at p. 14 attached hereto as Exhibit "A"). Mr. Carothers' employment at both corporate entities suggests that the corporate entities are not nearly as dissociated as Bob Evans Restaurants, LLC asks the court to declare.

V. **PLAINTIFF'S HAVE ALLEGED VALID CLAIMS PERTAINING TO UN-TIPPED LABOR BOTH RELATED AND UNRELATED TIPPED JOB DUTIES.**

Out of one side of its mouth, Bob Evans Restaurants, LLC seeks a determination on the pleadings that it is "completely disassociated" with its three corporate counterparts and Co-Defendants. Out of the other side of its mouth, Bob Evans Restaurants, LLC asks the Court to dismiss Plaintiffs "dual jobs" claim "for the same reasons articulated in the Motion to Dismiss filed by Bob Evans Farms, Inc., Bob Evans Farms, LLC, and Bob Evans Holding, Inc." Bob Evans Restaurants, LLC says nothing more on its own behalf to this point. To this point, Plaintiffs incorporate as if fully rewritten herein their Response to Defendants, Bob Evans Farms, Inc., Bob Evans Farms, LLC and Bob Evans Holding, Inc.'s Motion to Dismiss.

VI. **CONCLUSION**

Plaintiffs, in both their original and First Amended Complaints, have stated claims upon which relief may be granted and Bob Evans Restaurants, LLC's Motion to Dismiss should be denied.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2017, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ *James L. Simon*