# THE BENDAU LAW FIRM, PLLC

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher Carr and Shureene Newsome, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action 1:17-cv-01875-JG |
| v. | : | |
| | : | Judge James S. Gwin |
| Bob Evans Farms, Inc., Bob Evans | : | |
| Holdings, Inc., Bob Evans Farms, LLC, and | : | |
| Bob Evans Restaurants, LLC, | : | |
| | : | |
| Defendants. | : | |

**COLLECTIVE ACTION SETTLEMENT AGREEMENT**
**AND RELEASE OF CLAIMS**

This Collective Action Settlement Agreement and Release of Claims ("the Agreement")

is entered into between the Named Plaintiffs Christopher Carr and Shureene Newsome and Opt-

In Plaintiffs (collectively, "Plaintiffs"), all of whom are represented by attorneys Clifford P.

Bendau II and Christopher J. Bendau of The Bendau Law Firm PLLC and James L. Simon and

Andrew J. Simon of The Law Offices of Simon & Simon, and Defendants Bob Evans Farms,

Inc., Bob Evans Holding, Inc. (incorrectly captioned as Bob Evans Holdings, Inc.), Bob Evans

Farms, LLC, and Bob Evans Restaurants, LLC (collectively, "Defendants"), and is subject to

approval by the Court.

## I.     **Definitions**

The terms set forth below shall have the meanings defined in this section wherever used in this Agreement and in all of its exhibits.

1.     <u>Claims Administrator</u>.  "Claims Administrator" means Optime Administration, LLC.

2.     <u>Claims Administrator Costs</u>.  "Claims Administrator Costs" means the costs payable from the Total Settlement Amount to the Claims Administrator for administering this Settlement Agreement, including, but not limited to: printing, distributing, mailing, and tracking Settlement Payments for this Settlement Agreement; tax reporting; distributing all payments from the Total Settlement Amount; and providing necessary reports and declarations as requested by the Parties or the Court.

3.     <u>Collective Action</u>.  "Collective Action" means the Collective Action conditionally certified by the Court on January 18, 2018, in the case of Christopher Carr and Shureene Newsome v. Bob Evans Farms, Inc., et al., Case No. 1:17-cv-01875-JG.

4.     <u>Court.</u>  "Court" means the United States District Court for the Northern District of Ohio (Eastern Division) where this Litigation is pending.

5.     <u>Defendants</u>.  "Defendants" means Bob Evans Farms, Inc.; Bob Evans Farms, LLC; Bob Evans Holding, Inc.; and Bob Evans Restaurants, LLC.

6.     <u>Defendants' Counsel</u>.  "Defendants' Counsel" means the law firm of Vorys, Sater, Seymour and Pease LLP.

7.     <u>Effective Date</u>.  "Effective Date" means the date on which the Order Approving Settlement and Dismissing Case with Prejudice is entered by the Court.

2

8.    Eligible Position.  "Eligible Position" means all servers, as defined as individuals listed as having a primary job code of "Server" in Defendants' systems at any point during the Relevant Period.

9.    Enhancement Payments.  "Enhancement Payments" means the payments awarded to the Named Plaintiffs as set forth in this Agreement and approved by the Court, in the amount of Ten Thousand Dollars and No Cents ($10,000.00) each for Named Plaintiffs Christopher Carr and Shurenne Newsome, and payments of Five Hundred Dollars and No Cents ($500.00) each to the following nine (9) Opt-In Plaintiffs: Nathan Felter, Sam Furrer, Tyrone Kenner, Kathy Kozel, Margaret McDonald, Riley Peck, Shelby Sigilo, Nikki Walker and Amanda Windish.

10.    Litigation.  The "Litigation" means Christopher Carr and Shureene Newsome v. Bob Evans Farms, Inc. et al., Case No. 1:17-cv-01875-JG, filed in the United States District Court for the Northern District of Ohio.

11.    Plaintiffs' Unopposed Motion for Approval of Settlement.    "Plaintiffs' Unopposed Motion for Approval of Settlement" means the proposed motion attached as Exhibit A, or a motion similar in all material respects, that seeks approval of this Agreement and dismissal of Plaintiffs' claims with prejudice.

12.    Named Plaintiffs.  "Named Plaintiffs" means Christopher Carr and Shureene Newsome.

13.    Order Approving Settlement and Dismissing Case with Prejudice.  "Order Approving Settlement and Dismissing Case with Prejudice" means the proposed order attached as Exhibit B, or an order similar in all material respects that approves this Agreement and dismisses the Litigation with prejudice.

14.  <u>Opt-In Plaintiffs</u>.  "Opt-In Plaintiffs" means each of the current and former employees of Defendants who timely submitted a Consent To Be A Plaintiff In A Fair Labor Standards Act Lawsuit, by which they consented to be a party plaintiff in the Litigation and appointed Plaintiffs' Counsel as their attorneys.

15.  <u>Plaintiffs' Settlement Fund</u>.  "Plaintiffs' Settlement Fund" means the amount Defendants collectively have made available to the Plaintiffs in exchange for this Agreement and the obligations set forth herein, which amount is One Million, Seven Hundred Forty-Three Thousand, One Hundred Twenty-Two Dollars and Thirty-Eight Cents ($1,743,122.38).  This amount is inclusive of any amounts to be paid for Defendants' share of any applicable payroll taxes but excludes the Enhancement Payments for the Named Plaintiffs and the nine (9) Opt-In Plaintiffs identified in Paragraph 9 of this Agreement.

16.  <u>Plaintiffs</u>.  "Plaintiffs" means the "Named Plaintiffs" and the "Opt-In Plaintiffs."

17.  <u>Plaintiffs' Counsel</u>.  "Plaintiffs' Counsel" means The Bendau Law Firm PLLC and James L. Simon and Andrew J. Simon of The Law Offices of Simon & Simon.

18.  <u>Plaintiffs' Counsel's Fees and Costs</u>.  "Plaintiffs' Counsel's Fees and Costs" means any fees, costs, and expenses that Plaintiffs' Counsel seeks from and approved by the Court, which in no event shall exceed One Million, Two Hundred Eleven Thousand, Six Hundred Dollars and Sixty-Two Cents ($1,211,377.62).

19.  <u>Parties</u>.  "Parties" means Plaintiffs and Defendants.

20.  <u>Released Parties</u>.  "Released Parties" means (i) Defendants; (ii) Defendants' past or present subsidiaries, divisions, affiliates, parents, and successors or assigns; and (iii) Defendants' past or present officers, directors, shareholders, partners, agents, employees, advisors, insurers,

attorneys, representatives, trustees, heirs, executors, administrators, and predecessors or successors or assigns of any of the foregoing.

21.  <u>Settled Claims (Named Plaintiffs)</u>.  "Settled Claims" with respect to the Named Plaintiffs and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages (whether general, special, liquidated, punitive, or multiple), lawsuits, liens, costs, losses, expenses, penalties or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, whether direct or indirect, whether by assignment or otherwise, which existed as of the date of execution of this Agreement, whether based upon federal, state, local, constitutional, statutory, or common law, or any other law, rule, or regulation, whether alleged or not alleged in the Litigation, whether suspected or unsuspected, whether contingent or vested, which any of the Named Plaintiffs have had or now have against the Released Parties or any of them, including, but not limited to, all claims arising under the Ohio Minimum Wage Standards Act, Revised Code Chapter 4111, Ohio's Prompt Pay Law, Revised Code 4113.15, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and/or penalties, liquidated damages, and/or restitution relating to or derivative of any or all such claims, and the laws of contract, torts, and equity, and including those claims that were asserted or could have been asserted in the Litigation and those claims that arise out of Named Plaintiffs' employment and/or former employment with any of the Released Parties or the termination of that employment.

22.  <u>Settled Claims (Opt-In Plaintiffs)</u>.  "Settled Claims" with respect to the Opt-In Plaintiffs is intended to apply to all wage and hour-related related matters and includes any and all wage and hour-related claims, demands, actions, causes of action, rights, offsets, suits,

damages (whether general, special, liquidated, punitive, or multiple), lawsuits, liens, costs, losses, expenses, penalties or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, whether direct or indirect, whether by assignment or otherwise, which existed as of the date of execution of this Agreement, whether based upon federal, state, local, constitutional, statutory, or common law, or any other law, rule, or regulation, whether suspected or unsuspected, whether contingent or vested, which any of the Plaintiffs have had or now have against the Released Parties or any of them, which were raised in the Litigation, or which could have reasonably been asserted in the Litigation against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Wage Standards Act, Revised Code Chapter 4111, Ohio's Prompt Pay Law, Revised Code 4113.15, or any other state or local constitution, statute, ordinance, or regulation that relates directly or indirectly to wages and/or hours of employment, including minimum wage, overtime, dual jobs, and tip credit claims, and/or penalties, liquidated damages, and/or restitution relating to or derivative of any such claims.

23.  <u>Settlement Payment</u>.  "Settlement Payment" means the monetary amounts that are to be distributed to the Named Plaintiffs and Opt-In Plaintiffs according to the terms of this Agreement from the Plaintiffs' Settlement Fund, excluding the Enhancement Payments being made to the Named Plaintiffs.

24.  <u>Total Settlement Amount</u>.  "Total Settlement Amount" means the amount up to Three Million Dollars and Zero Cents ($3,000,000.00), which Defendants collectively have made available for Settlement Payments from the Plaintiffs' Settlement Fund, Enhancement Payments, Claims Administrator Costs as charged by Optime Administration, LLC, Plaintiffs' Counsel's

Fees and Costs, and Defendants' share of any applicable payroll taxes in exchange for this Agreement and the obligations set forth herein.  In no event shall the Total Settlement Amount exceed Three Million Dollars ($3,000,000.00).

## II.  Recitals and Background

25.  On September 7, 2017, Named Plaintiffs Christopher Carr and Shureene Newsome, individually and on behalf of a purported group of similarly situated individuals, filed a Collective Action Complaint naming Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC, Bob Evans Holding, Inc., and Bob Evans Restaurants, LLC.  That action is known as Christopher Carr, et al. v. Bob Evans Farms, Inc. et al., Case No. 1:17-cv-01875-JG.  On November 13, 2017, the Named Plaintiffs filed an Amended Collective Action Complaint.  The Amended Collective Action Complaint added additional Opt-In Plaintiffs to the Litigation.  Named Plaintiffs filed this Litigation seeking a nationwide collective action under the FLSA.

26.  On January 18, 2018, the Court granted the Parties' Joint Stipulated Motion for Conditional Certification of "Plaintiffs' Dual Jobs claim [Count II of the First Amended Complaint] as it relates to Defendants' current and former Servers who worked at any Bob Evans restaurant located in the State of Ohio as a Server from January 8, 2015 through January 8, 2018," and approved the Parties' proposed notice and consent forms.

27.  The Parties thereafter engaged in extensive discovery, including the exchange of multiple sets of discovery requests and responses, the production of nearly 3,600 pages of documents and tens of thousands of pages of time records, and approximately 15 depositions.  The Parties also conducted a thorough and detailed legal and factual analyses of Plaintiffs' claims and Defendants' defenses.

28.     Following conditional certification of the Collective Action, the Parties, through counsel, engaged in extensive arm's length negotiations concerning the settlement of Plaintiffs' claims. On April 13, 2018, the Parties participated in a full-day private mediation before experienced mediator Stephen J. Dalesio, Esq.  The mediation did not result in a settlement.  On April 30, 2018, the Parties participated in a full-day mediation before the Honorable William H. Baughman, Jr., a Magistrate Judge for the United States District Court for the Northern District of Ohio.  At the conclusion of that mediation, the Parties reached a settlement subject to Court approval as represented in this Agreement.

29.     Approximately 13,093 current and former employees of Defendants were sent notice of the Collective Action, of which approximately 1,870 opted to join the Litigation as Opt-In Plaintiffs and appoint Plaintiffs' Counsel as their attorneys.

30.     Plaintiffs and Defendants agree that there are numerous disputed issues of fact and law relating not only to the underlying validity of Plaintiffs' claims, but also as to whether the Litigation can and should be maintained as a collective action under Section 216(b) of the FLSA.

31.     Plaintiffs and Plaintiffs' Counsel have concluded, based upon their investigation, and taking into account the sharply contested and disputed legal and factual issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks, uncertainty, and costs of further prosecution of the Litigation, including the difficulties of proof necessary to establish a collective action for purposes of liability, the uncertainties of complex litigation, and the relative benefits to be conferred upon the Plaintiffs pursuant to this Agreement, that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate, and in the

best interests of the Plaintiffs, and have agreed to settle Plaintiffs' claims with Defendants on the terms set forth herein.

32.     Defendants have asserted defenses to the claims raised in the Litigation, and expressly deny each of the claims asserted against them and any and all liability arising out of the allegations of the Litigation, and further deny that the case should be maintained as a collective action under Section 216(b) of the FLSA, except for settlement purposes only. Nevertheless, Defendants desire to settle Plaintiffs' claims on the terms and conditions set forth in this Agreement, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies raised by the Litigation.

**NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN** the undersigned, that the Litigation shall be settled, subject to the approval of the Court, upon and pursuant to the following terms and conditions:

**III.**     <u>**Terms and Conditions**</u>

33.     It is hereby agreed, by and between the Plaintiffs and Defendants, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing whatsoever by Defendants, that upon entry of the Order Approving Settlement and Dismissing Case with Prejudice: (a) Named Plaintiffs shall be deemed to have released and forever discharged the Released Parties from any and all Settled Claims (Named Plaintiffs); and (b) Opt-In Plaintiffs shall be deemed to have released and forever discharged the Released Parties from any and all Settled Claims (Opt-In Plaintiffs).

34.     Upon execution of this Agreement, the Plaintiffs agree to prepare and file an Unopposed Motion for Approval of Settlement in the form attached as Exhibit A, asking that the Court approve this Agreement and dismiss Plaintiffs' claims with prejudice.

35.     Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Settled Claims which, if known by them might have affected their settlement with, and release of, the Released Parties. But upon the Effective Date, Plaintiffs shall be deemed to have, and by operation of the Order Approving Settlement and Dismissing Case with Prejudice, fully, finally, and forever settled and released any and all of the Settled Claims.

36.     Subject to Court approval and the conditions specified in this Agreement, and in exchange for the release of all Settled Claims by Plaintiffs, Defendants collectively shall make available a Total Settlement Amount up to the gross amount of Three Million Dollars ($3,000,000.00)

37.     Subject to Court approval and for purposes of effectuating this Agreement, the following payments shall be paid from the Total Settlement Amount:

(a)     Enhancement Payments.  In exchange for execution of this Agreement and the release of all Settled Claims by the Plaintiffs, and subject to approval by the Court, Named Plaintiffs Carr and Newsome shall each be paid an Enhancement Payment in the amount of Ten Thousand Dollars and No Cents ($10,000.00).  These Enhancement Payments shall be paid to the Named Plaintiffs to compensate them for the efforts they undertook on behalf of the Plaintiffs.  In exchange for execution of this Agreement and the release of all Settled Claims by the Plaintiffs, and subject to approval by the Court, Opt-In Plaintiffs Nathan Felter, Sam Furrer, Tyrone Kenner, Kathy Kozel, Margaret McDonald, Riley Peck, Shelby Sigilo, Nikki Walker and

Amanda Windish shall each be paid an Enhancement Payment in the Amount of Five Hundred Dollars and No Cents ($500.00) to compensate them for the time incurred in having their depositions taken by Defendants.  Each Plaintiff who receives an Enhancement Payment shall each receive a IRS Form 1099 for the payment made pursuant to this paragraph.   The Enhancement Payment checks will be issued no later than twenty-one (21) days after the Effective Date.

      (b)    <u>Settlement Payments</u>.  In exchange for the release of all Settled Claims by the Opt-In Plaintiffs and the release of all Settled Claims by the Named Plaintiffs (as defined in Paragraphs 21 and 22 of this Agreement), the Opt-In Plaintiffs and the Named Plaintiffs will receive Settlement Payments from the Plaintiffs' Settlement Fund calculated as set forth in Paragraph 43 of the Agreement.

      (c)    <u>Plaintiffs' Counsel's Fees and Costs</u>.  Plaintiffs' Counsel shall be paid no more than One Million, Two Hundred Eleven Thousand, Three Hundred Seventy-Seven Dollars and Sixty-Two Cents ($1,211,377.62) from the Total Settlement Amount for all attorneys' fees, expenses, and costs.  Defendants agree not to oppose any application or motion by Plaintiffs' Counsel for Plaintiffs' Counsel's Fees and Costs up to this amount, and Plaintiffs' Counsel agrees not to petition the Court for any additional payments for fees, costs, expenses, or interest. The payment approved by the Court pursuant to this subparagraph, whether in the amount sought by Plaintiffs' Counsel or less as determined by the Court, shall constitute full satisfaction of Defendants' and/or any of the Released Parties' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs incurred on behalf of the Plaintiffs, and shall relieve the Released Parties from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be

11

entitled on behalf of the Plaintiffs. If the Court approves a lesser amount of fees, expenses, and/or costs than that which is sought by Plaintiffs' Counsel, the Parties may not void this Settlement Agreement on that basis. Plaintiffs' Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made pursuant to this subparagraph and agrees to indemnify and hold harmless Defendants from any claim or liability for taxes, penalties, or interest for which Plaintiffs' Counsel is responsible as a result of the payment or any allocation of the payment made pursuant to this subparagraph. Plaintiffs' Counsel further agrees that any allocation of fees, expenses, and/or costs between or among Plaintiffs' Counsel and any other attorney representing Plaintiffs shall be the sole responsibility of Plaintiffs' Counsel; provided, however, that Plaintiffs' Counsel may direct the Claims Administrator as to how such allocation of fees, expenses, and/or costs between or among Plaintiffs' Counsel shall be made. As appropriate, one or more IRS Form 1099s shall be provided to Plaintiffs' Counsel for the total payment made pursuant to this subparagraph. The payment approved by the Court pursuant to this subparagraph shall be paid to Plaintiffs' Counsel within twenty-one (21) days of such approval.

(d)     Defendants' share of any applicable payroll taxes attributable to the payments made pursuant to Paragraph 37(b) of this Agreement, including, but not limited to, payments for FICA, Social Security, and Medicaid.

(e)     Claims Administrator Costs. The cost of administration and for the disbursement of funds to Named Plaintiffs and Opt-in Plaintiffs shall not exceed Twenty One Thousand Dollars and Zero Cents ($21,000.00). This amount includes the required tax reporting on the Settlement Payments, including the issuing of IRS W-2 and IRS 1099 forms by the Claims Administrator. The Parties and their Counsel agree to cooperate in the settlement

administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement of this Litigation. The Parties each represent they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest.

38.     Defendants shall have no obligation to pay any amounts to any Plaintiffs in excess of approved claims for Settlement Payments as calculated in accordance with Paragraph 43 of this Agreement, with the exception of Enhancement Payments to the Named Plaintiffs and the nine (9) Opt-In Plaintiffs identified in Paragraph 9 of this Agreement.  No Released Party shall have any further obligation or liability under this Agreement to Plaintiffs.

39.     <u>Tax Liability</u>.  Defendants make no representations as to the tax treatment or legal effect of the payments called for under this Agreement, and Plaintiffs and Plaintiffs' Counsel are not relying on any statement or representation by Defendants in this regard.  Plaintiffs and Plaintiffs' Counsel will be solely responsible for the payment of any taxes resulting from their receipt of the payments described in this Agreement, as well as any penalties imposed on them for failure to report, or pay taxes upon, such payments.  Each Plaintiff and Plaintiffs' Counsel agree to cooperate with Defendants and to provide such documentation as Defendants may reasonably request should any taxing authority challenge the allocations of payments called for under this Agreement.

40.     <u>CIRCULAR 230 DISCLAIMER</u>.  EACH PARTY TO THIS SETTLEMENT AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY," AND EACH PARTY TO THIS SETTLEMENT AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, IS AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS SETTLEMENT AGREEMENT, AND NO

13

WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS SETTLEMENT AGREEMENT, (B) HAS NOT ENTERED INTO THIS SETTLEMENT AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS SETTLEMENT AGREEMENT.

41.     Each Plaintiff will be provided a Settlement Payment check bearing the language set forth in the attached Exhibit C.

42. Solely for purposes of effectuating this Agreement and in exchange for the release of Settled Claims by the Named Plaintiffs and Opt-In Plaintiffs, each Named Plaintiff and Opt-In Plaintiff who cashes his/her Settlement Payment check within 180 days from the date of the mailing shall be paid a Settlement Payment from the Plaintiff's Settlement Fund as set forth on such check as calculated in accordance with Paragraph 43 of this Agreement.. If a Plaintiff fails to cash his/her settlement check within that 180-day period, the amount allocated to the Plaintiff as set forth in Paragraph 43 shall remain the property of Defendants and shall revert to Defendants.

43. Defendants will provide the Claims Administrator with information necessary to calculate the amount of individual Settlement Payments, including information showing each Plaintiff's hours worked in an Eligible Position while employed by any Defendant during the time period beginning three years before the Plaintiff submitted a Consent To Be A Party Plaintiff In A Fair Labor Standards Act Lawsuit and ending on the last date for which Defendants provided Plaintiffs' Counsel time records for that Plaintiff ("x"). Additionally, each Opt-In Plaintiff who has no hours worked in an Eligible Position during the applicable time period just described will be attributed a nominal hour amount (as to be determined by the Administrator upon final approval of all Enhancement Awards, Attorney Fees and Costs) which results in each such Opt-In Plaintiff who has no hours worked in an Eligible Position during the applicable time period receiving the nominal amount of approximately $25.00 (gross).

Each Plaintiff's Settlement Payment will be calculated by multiplying the fraction x/y by the Plaintiffs' Settlement Fund ($1,743,122.38), with "x" being defined above, and "y" being the total number of hours worked by all Plaintiffs, calculated by totaling the hours worked for or attributed to all Plaintiffs on the time records provided to Plaintiffs' Counsel for the dates

described above. For example, if the time records for the applicable time period reflect that a Plaintiff worked 100 hours and the total number of hours worked for all Plaintiffs during the applicable time period is 10,000, then that Plaintiff's Settlement Payment would be one percent (1%) of the Settlement Fund ($17,431.22) minus the payroll taxes attributable to that payment. The aggregate amount of Settlement Payments to Plaintiffs shall not under any circumstances exceed the Plaintiffs' Settlement Fund. If the total of all Settlement Payments exceeds the Plaintiffs' Settlement Fund, each Settlement Payment shall be reduced on a pro rata basis.

Each Plaintiff who receives a Settlement Payment shall receive an IRS W-2 form reporting fifty percent (50%) of the payment made pursuant to this paragraph as wages, and an IRS 1099 form reporting fifty percent (50%) of the payment made pursuant to this paragraph as settlement for liquidated damages allegedly owed pursuant to the FLSA.

44. All Settlement Payment determinations shall be based on personnel and payroll data maintained by Defendants, which is deemed by the Parties to be correct.

45. In no event shall there be any distributions to the Named Plaintiffs, Opt-In Plaintiffs, or Plaintiffs' Counsel from Defendants until after the Effective Date.

46. No person shall have any claim against Defendants or any of the Released Parties, Plaintiffs, or counsel for the Parties based on distributions or payments made in accordance with this Agreement.

47. Defendants shall not be required to enter into any consent decree, nor shall Defendants be required to agree to any provision for injunctive or prospective relief as part of this Agreement.

48. Defendants' own attorneys' fees and legal costs and expenses incurred in the Litigation shall be borne by Defendants from Defendants' separate funds.

16

49.     Neither the terms of this Agreement nor any Enhancement Payment paid to the Named Plaintiffs nor any Settlement Payments paid to the Plaintiffs shall have any effect on the eligibility for or calculation of employee benefits of the respective Plaintiffs.  The Parties agree that any Enhancement Payments or Settlement Payments paid to Plaintiffs under the terms of this Settlement Agreement do not represent any modification of any Plaintiff's previously credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored by Defendants.  Further, the Settlement Payments shall not be considered "compensation" or "annual earnings for benefits" in any year for purposes of determining eligibility for, or benefit accrual within an employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored by any of the Released Parties.

50.     Neither the Parties, nor their counsel, shall hold any press conference, issue any press release, or speak to the media regarding the Litigation or the settlement thereof.

51.     Defendants deny any and all claims asserted or that could have been asserted on behalf of the Plaintiffs and deny all wrongdoing whatsoever.  This Agreement is not a concession or admission, and shall not be used against Defendants as an admission or indication with respect to any claim of any fault, concession, or omission by Defendants.  Whether or not the settlement is approved by the Court, neither the Agreement, nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.      Construed as, offered or admitted into evidence as, received as, or deemed to be, evidence of a presumption, concession, indication, or admission by Defendants of any liability, fault, wrongdoing, omission, concession, or damage; or

b.     Disclosed or referred to, or offered or received into evidence, in any further proceeding in the Litigation, except for purposes of settling this Litigation pursuant to this Agreement or establishing that the settlement herein has occurred.  The limitations set forth in this paragraph do not apply to use and/or disclosure in order for a Party to enforce this Agreement or any of its terms or to establish that such a settlement has occurred.

52.     If this settlement is not approved by the Court, then this Agreement, the settlement terms set forth herein (including any modifications made with the consent of the Parties), and any action taken or to be taken in connection therewith, shall be terminated and shall become null and void and have no further force or effect, without prejudice to the right of any of the Parties.  In the event that this Agreement shall terminate or the settlement embodied herein does not become effective for any reason, the Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of the Plaintiffs and Defendants, each of whom shall be restored to their respective positions existing prior to the execution of this Agreement, and evidence relating to the Agreement and all negotiations shall not be discoverable or admissible in the Litigation or any other litigation.

53.     The terms of this Agreement include the terms set forth in the attached exhibits, which are incorporated by this reference as though fully set forth herein.  The exhibits to this Agreement are an integral part of this Agreement.  Unless specifically provided otherwise in the exhibits to this Agreement, in the event of any conflict between the Agreement and the exhibits, the terms of the Agreement shall control.

54.     This Agreement may be amended or modified only by a written instrument signed by the Parties, counsel for all Parties, or their successors-in-interest.

55.     This Agreement, the Settlement Agreements and Releases, and any attached exhibits constitute the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

56.     Counsel for the Parties warrant and represent that they are expressly authorized by the Party whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.  Each person signing this Agreement warrants that he/she is authorized to sign this Agreement.

57.     Each Named Plaintiff represents and warrants that he or she has not assigned or otherwise transferred to any person or entity any claim that is subject to this Settlement Agreement.

58.     This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties and the Released Parties, as previously defined.

59.     All terms of this Settlement Agreement and the exhibits to the Agreement shall be governed by and interpreted according to the laws of the State of Ohio.

60.     This Settlement Agreement may be executed in one or more counterparts and a faxed or electronic signature shall have the same force and effect as an original signature.  All executed copies of this Agreement, and photocopies thereof (including facsimile copies of the signature pages), shall have the same force and effect and shall be legally binding and enforceable as the original.

61.     The Parties believe that the terms of the settlement as set forth in this Agreement are fair, adequate, and reasonable and have arrived at this settlement after arm's-length negotiations, taking into account all relevant factors, present and potential.

62.     Notwithstanding the dismissal of this Litigation and entry of final judgment, the Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

63.     Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction or interpretation of this Agreement, the Agreement shall not be construed for or against any of the Parties.

64.     In light of the fact that each Plaintiff affirmatively opted in to the Litigation, and subject to Court approval and delivery of the Settlement Payments to the Opt-In Plaintiffs as set forth above, all Plaintiffs shall be bound by this Agreement, and Plaintiffs' Counsel's execution of this Agreement shall fully effectuate the release provisions of this Agreement to which each Plaintiff is bound.

65.    The Named Plaintiffs agree to sign this Agreement and by signing this Agreement are bound by the terms stated in the Agreement, including a general release of all claims against Defendants.


Dated:  July __, 2018                    Respectfully submitted,


                                          /s/_____
                                          Mark A. Knueve, Trial Attorney (0067074)
                                          Marcel C. Duhamel (0062171)
                                          Michael J. Shoenfelt (0091154)
                                          VORYS, SATER, SEYMOUR AND PEASE LLP
                                          52 East Gay Street, P.O. Box 1008
                                          Columbus, Ohio 43216-1008
                                          Telephone:  (614) 464-6387
                                          Facsimile:  (614) 719-4808
                                          E-mail:  maknueve@vorys.com
                                          E-mail:  mcduhamel@vorys.com
                                          E-mail:  mjshoenfelt@vorys.com

                                          Attorneys for Defendant Bob Evans Restaurants, LLC


Dated:  July __, 2018                    /s/_____
                                          Adam J. Rocco, Trial Attorney (Ohio Bar No. 0083807)
                                          Jonathan R. Vaughn (Ohio Bar No. 0022897)
                                          Michael C. Griffaton (Ohio Bar No. 0062027)
                                          VORYS, SATER, SEYMOUR AND PEASE LLP
                                          52 East Gay Street, P.O. Box 1008
                                          Columbus, Ohio 43216-1008
                                          Telephone:  (614) 464-6286
                                          Facsimile:  (614) 719-4804
                                          E-mail:  ajrocco@vorys.com
                                          E-mail:  jrvaughn@vorys.com
                                          E-mail:  mcgriffaton@vorys.com

                                          Attorneys for Defendants Bob Evans Farms, Inc., Bob Evans
                                          Farms, LLC, and Bob Evans Holding, Inc.


21

Dated: July ___, 2018       Signed: _____

                       By: _____

                       Title: _____

For Defendant Bob Evans Restaurants, LLC

Dated: July ___, 2018       Signed: _____

                       By: _____

                       Title: _____

For Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC, and Bob Evans Holding, Inc.

Dated: July ___, 2018       /s/_____
                       Clifford P. Bendau, II (Ohio Bar No. 0089601)
                       Christopher J. Bendau
                       THE BENDAU LAW FIRM PLLC
                       P.O. Box 97006
                       Phoenix, Arizona 85060
                       Telephone: (480) 382-5176
                       Facsimile: (480) 304-3805
                       Email: Cliffordbendau@bendaulaw.com

Dated: July ___, 2018       /s/_____
                       James L. Simon (Ohio Bar No. 0089483)
                       6000 Freedom Square Drive
                       Independence, Ohio 44131
                       Telephone: (216) 525-8890
                       Facsimile: (216) 642-5814
                       Email: jameslsimonlaw@yahoo.com

                       Attorneys for Plaintiffs

Dated: July 6 ___, 2018     _____
                       Christopher Carr

Dated: July ___, 2018       _____
                       Shureene Newsome

Dated:  July __, 2018          Signed:  _____

                               By:  _____

                               Title:  _____

                               For Defendant Bob Evans Restaurants, LLC


Dated:  July __, 2018          Signed:  _____

                               By:  _____

                               Title:  _____

                               For Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC,
                               and Bob Evans Holding, Inc.


Dated:  July __, 2018          /s/_____
                               Clifford P. Bendau, II (Ohio Bar No. 0089601)
                               Christopher J. Bendau
                               THE BENDAU LAW FIRM PLLC
                               P.O. Box 97006
                               Phoenix, Arizona 85060
                               Telephone:  (480) 382-5176
                               Facsimile:  (480) 304-3805
                               Email:  Cliffordbendau@bendaulaw.com


Dated:  July __, 2018          /s/_____
                               James L. Simon (Ohio Bar No. 0089483)
                               6000 Freedom Square Drive
                               Independence, Ohio 44131
                               Telephone:  (216) 525-8890
                               Facsimile:  (216) 642-5814
                               Email:  jameslsimonlaw@yahoo.com

                               Attorneys for Plaintiffs


Dated:  July __, 2018          _____
                               Christopher Carr

Dated:  July 5 , 2018          _____
                               Shureene Newsome

65.     The Named Plaintiffs agree to sign this Agreement and by signing this Agreement are bound by the terms stated in the Agreement, including a general release of all claims against Defendants.

Dated: July 12, 2018                    Respectfully submitted,

                                        /s/ _Mac Knueve_____
                                        Mark A. Knueve, Trial Attorney (0067074)
                                        Marcel C. Duhamel (0062171)
                                        Michael J. Shoenfelt (0091154)
                                        VORYS, SATER, SEYMOUR AND PEASE LLP
                                        52 East Gay Street, P.O. Box 1008
                                        Columbus, Ohio 43216-1008
                                        Telephone: (614) 464-6387
                                        Facsimile: (614) 719-4808
                                        E-mail: maknueve@vorys.com
                                        E-mail: mcduhamel@vorys.com
                                        E-mail: mjshoenfelt@vorys.com

                                        *Attorneys for Defendant Bob Evans Restaurants, LLC*

Dated: July 12, 2018                    /s/ _Adam Rocco_____
                                        Adam J. Rocco, Trial Attorney (Ohio Bar No. 0083807)
                                        Jonathan R. Vaughn (Ohio Bar No. 0022897)
                                        Michael C. Griffaton (Ohio Bar No. 0062027)
                                        VORYS, SATER, SEYMOUR AND PEASE LLP
                                        52 East Gay Street, P.O. Box 1008
                                        Columbus, Ohio 43216-1008
                                        Telephone: (614) 464-6286
                                        Facsimile: (614) 719-4804
                                        E-mail: ajrocco@vorys.com
                                        E-mail: jrvaughn@vorys.com
                                        E-mail: mcgriffaton@vorys.com

                                        *Attorneys for Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC, and Bob Evans Holding, Inc.*

21

Dated:  July __, 2018     Signed: _____

                               By: _____

                               Title: _____

For Defendant Bob Evans Restaurants, LLC

Dated:  July 11, 2018     Signed: _____

                               By: _____

                               Title: _____

For Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC, and Bob Evans Holding, Inc.

Dated:  July __, 2018     /s/ _____
Clifford P. Bendau, II (Ohio Bar No. 0089601)
Christopher J. Bendau
THE BENDAU LAW FIRM PLLC
P.O. Box 97006
Phoenix, Arizona 85060
Telephone:  (480) 382-5176
Facsimile:  (480) 304-3805
Email:  Cliffordbendau@bendaulaw.com

Dated:  July __, 2018     /s/ _____
James L. Simon (Ohio Bar No. 0089483)
6000 Freedom Square Drive
Independence, Ohio 44131
Telephone:  (216) 525-8890
Facsimile:  (216) 642-5814
Email:  jameslsimonlaw@yahoo.com

*Attorneys for Plaintiffs*

Dated:  July __, 2018     _____
                               Christopher Carr

Dated:  July __, 2018     _____
                               Shureene Newsome

Dated: June 29, 2018        Signed: _____

                            By: _Saed Mohseni_____

                            Title: _CEO_____

                            For Defendant Bob Evans Restaurants, LLC


Dated: July __, 2018        Signed: _____

                            By: _____

                            Title: _____

                            For Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC,
                            and Bob Evans Holding, Inc.


Dated: July __, 2018        /s/_____
                            Clifford P. Bendau, II (Ohio Bar No. 0089601)
                            Christopher J. Bendau
                            THE BENDAU LAW FIRM PLLC
                            P.O. Box 97006
                            Phoenix, Arizona 85060
                            Telephone: (480) 382-5176
                            Facsimile: (480) 304-3805
                            Email: Cliffordbendau@bendaulaw.com


Dated: July __, 2018        /s/_____
                            James L. Simon (Ohio Bar No. 0089483)
                            6000 Freedom Square Drive
                            Independence, Ohio 44131
                            Telephone: (216) 525-8890
                            Facsimile: (216) 642-5814
                            Email: jameslsimonlaw@yahoo.com

                            *Attorneys for Plaintiffs*


Dated: July __, 2018        _____
                            Christopher Carr


Dated: July __, 2018        _____
                            Shureene Newsome

22

Dated: July ___, 2018

Signed: _____

By: _____

Title: _____

For Defendant Bob Evans Restaurants, LLC

Dated: July ___, 2018

Signed: _____

By: _____

Title: _____

For Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC, and Bob Evans Holding, Inc.

Dated: July 12, 2018

/s/ _____
Clifford P. Bendau, II (Ohio Bar No. 0089601)
Christopher J. Bendau
THE BENDAU LAW FIRM PLLC
P.O. Box 97006
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: Cliffordbendau@bendaulaw.com

Dated: July 2, 2018

/s/ _____
James L. Simon (Ohio Bar No. 0089483)
6000 Freedom Square Drive
Independence, Ohio 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Attorneys for Plaintiffs*

Dated: July ___, 2018

_____
Christopher Carr

Dated: July ___, 2018

_____
Shureene Newsome

22