UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------

CHRISTOPHER CARR, *et al.*,

    Plaintiffs,

vs.

BOB EVANS FARMS, INC., *et al.*,

    Defendants.

---------------------------------------------------

CASE NO. 1:17-cv-1875

OPINION & ORDER
[Resolving Doc. 80]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties recently settled this case. The case involved alleged Fair Labor Standards Act violations.

On July 27, 2018, the Court granted Plaintiffs' unopposed motions for the approval of the settlement and the appointment of the settlement administrator, and granted in part and denied in part the motions for service awards and attorney's fees and costs.[1] The Court modified the proposed settlement payments in two ways: it reduced the service award payments by $10,000, and reduced the attorney's fees by $200,000.[2]

The Court thereafter entered judgment and terminated the action.[3]

On August 7, 2018, Plaintiffs moved for clarification of the Court's Order under Federal Rule of Civil Procedure 60(a).[4] Plaintiffs argue that the Settlement Agreement approved a Total Settlement Amount[5] of $3 million.[6] They argue that the $210,000 reduction in service awards and

---

[1] Doc. 78.
[2] *See id.* at 5 (reducing the requested service awards for the two named Plaintiffs from $10,000 each to $5,000 each); *id.* at 6–8 (reducing Plaintiffs' attorney's fees from $1.2 million to $1 million).
[3] Doc. 79. The Court retains jurisdiction over the interpretation, implementation, and enforcement of the signed settlement agreement, as approved by the Court. *See* Doc. 80-1 ¶ 62.
[4] Doc. 80. Defendants oppose. Doc. 81. Plaintiffs reply. Doc. 82.
[5] Capitalized terms have the meaning given to them in the Settlement Agreement.
[6] *See* Doc. 80 at 2.

attorney's fees should not decrease the $3 million and that the $210,000 reduction should be added to the Plaintiffs' Settlement Fund for distribution to Plaintiffs on a *pro rata* basis.[7]

Defendants oppose Plaintiffs' motion to clarify.[8] They interpret the Plaintiffs' Settlement Fund amount as exactly $1,743,122.38—and no more—and the Total Settlement Amount as only capping Defendants' total monetary obligation at $3 million.[9] Their implicit conclusion is that the $210,000 reduction caused a net decrease in the Total Settlement Amount, for a new total of $2,790,000. They also argue that Rule 60(a) is not the proper vehicle for the motion for clarification,[10] and that there is no basis for reconsidering the Order.[11]

Defendants' interpretation is the correct one.

The Court's Order modified only the service awards and attorney's fees payments.[12] It approved the settlement and its terms in all other respects.[13] The Settlement Agreement terms therefore dictate the effect of the $210,000 service awards and attorney's fees reduction. And these terms establish that Defendants' total monetary obligation under the Settlement Agreement is reduced by $210,000.

The Settlement Agreement does not cause the $210,000 attorney fee and service award reduction to increase the Plaintiffs' Settlement Fund amount. The Settlement Agreement establishes $1,743,122.38 as the exact amount of Plaintiffs' Settlement Fund—no more, no less.[14]

---

[7] *Id.* at 1, 3.
[8] Doc. 81.
[9] *See id.* at 3–5.
[10] *Id.* at 1–2. The Court agrees that Federal Rule of Civil Procedure 60(a) is not the proper avenue for Plaintiffs' motion to clarify. Rule 60(a) authorizes courts to correct clerical errors and oversights, rather than substantive errors of judgment. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990) (citing *Jones v. Anderson–Tully Co.*, 722 F.2d 211, 212–13 & n. 3 (5th Cir.1984)). Plaintiffs ask the Court to interpret the terms of the Settlement Agreement, which is a matter of substantive judgment. The motion therefore would have more appropriately been brought under Federal Rule of Civil Procedure 59(e) as a motion for reconsideration, and the Court treats it as such. *See Stancik v. Deutsche Bank*, No. 1:17-CV-01809, 2018 WL 1070873, at *1 (N.D. Ohio Feb. 26, 2018).
[11] Doc. 81 at 2.
[12] *See* Doc. 78 at 3–10 (modifying the two named Plaintiffs' service award payments and attorney's fees, but approving everything else); Doc. 79.
[13] *See id.*
[14] *See* Doc. 80-1 ¶ 15 ("'Plaintiffs' Settlement Fund' means the amount Defendants collectively have made available to the Plaintiffs in exchange for this Agreement and the obligations set forth herein, which amount is One Million, Seven Hundred Forty-Three Thousand, One Hundred Twenty-Two Dollars and Thirty-Eight Cents

Case No. 1:17-cv-1875
Gwin, J.

Nor can the $210,000 reduction be used for an increase in the Settlement Payment amount. The Settlement Payments are the amounts distributed to Plaintiffs from the Plaintiffs' Settlement Fund,[15] and "[t]he aggregate amount of [these payments] shall not under any circumstances exceed the [$1,743,122.38] Plaintiffs' Settlement Fund."[16] Reallocating the $210,000 to Plaintiffs on a *pro rata* basis would cause the aggregate amount of the Settlement Payments to exceed $1,743,122.38, the amount of Plaintiffs' Settlement Fund.

The $210,000 reduction cannot be reallocated to any other payment category, and Plaintiffs do not argue otherwise. The Settlement Agreement does, however, permit a reduction of certain payments, such as service awards and attorney's fees, to reduce Defendants' overall monetary obligation.

The "Total Settlement Amount" is not defined as $3 million, as Plaintiffs argue; rather, it is *capped* at $3 million.[17] In other words, the Total Settlement Amount can be less than or equal to $3 million. It just cannot be greater.

For the reasons above, the Court **DENIES** Plaintiffs' motion. The Court's July 27 Order reduced Defendants' overall obligation under the Settlement Agreement by $210,000, for a Total Settlement Amount of $2,790,000.

IT IS SO ORDERED.

Dated: August 23, 2018        *s/ James S. Gwin*
                                                             JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

($1,743,122.38)."); *id.* ¶ 43 ("Each Plaintiff's Settlement Payment will be calculated by multiplying the fraction x/y by the Plaintiffs' Settlement Fund ($1,743,122.38) . . . ."). *See also id.* ¶ 37(b) ("[T]he Opt-In Plaintiffs and the Named Plaintiffs will receive Settlement Payments from the Plaintiffs' Settlement Fund calculated as set forth in Paragraph 43 of the Agreement.").

[15] *See id.* ¶ 23 ("'Settlement Payment' means the monetary amounts that are to be distributed to the Named Plaintiffs and Opt-In Plaintiffs according to the terms of this Agreement from the Plaintiffs' Settlement Fund, excluding the Enhancement Payments being made to the Named Plaintiffs."); *id.* ¶ 43.

[16] *See id.* ¶ 43; *id.* ¶ 38. "If the total of all Settlement Payments exceeds the Plaintiffs' Settlement Fund, each Settlement Payment shall be reduced on a pro rata basis." *Id.* ¶ 43.

[17] *Id.* ¶¶ 24, 36. The Settlement Agreement defines the Total Settlement Amount as "up to" $3 million, *id.*, and states that "[i]n no event shall the Total Settlement Amount exceed [$3 million]," *id.* ¶ 24.